BELMONT.
May, 1816.

Thompson.
*v.*
Williams.

*BELMONT COUNTY—MAY TERM, 1816.*

PRESENT—TAPPAN, *President;* ALEXANDER, WILEY AND ANDERSON, *Associates.*

## THOMPSON vs. WILLIAMS.

MOTION IN ARREST OF JUDGMENT.

Plaintiff rented his stills, etc., to defendant; defendant agreed to give a certain rent for the use of them, and also "to pay the excise or duty which had been or might be laid or assessed thereon by the United States, and to hold and keep the plaintiff harmless and indemnified therefrom." Plaintiff neglected to enter his stills, and was prosecuted on information given by the defendant, and compelled to pay the penalties for not entering them—held that no action would lie against the defendant for giving information to the United States revenue officers of such neglect to enter the stills—distinction between actions in form *ex contractu* and *ex delicto.*

The declaration in this case contained two counts: 1st count was, for that on the 1st January, 1814, plaintiff being possessed of two stills "which were, or were about to be, idle and out of employ," at the special instance and request of the defendant, let, rented and hired them to defendant, on the terms and conditions following, viz: Defendant to give plaintiff two gallons of whiskey for every bushel of rye which plaintiff would deliver to defendant at the still house, so long as defendant for his own use and benefit should please to run the stills; and the defendant was also "to pay the excise or duty which had been or might be laid or assessed thereon by the United· States,

and to hold and keep the plaintiff harmless and indemni-
fied therefrom." Defendant took possession of and run
the stills on those terms, for two months and upwards,
during which plaintiff supplied him with rye according to
the agreement, and received whiskey. Yet, although there were after-
wards certain excise and duties arising and accruing to the United
States, and although there was a collector appointed and an office
opened for entering stills and receiving the excise, the defendant did
not enter said stills or pay the excise; but on the contrary thereof,
defendant, on the 20th March, 1814, informed against plaintiff as
owner of the stills, and caused and procured an information in the
name and on behalf of the U. S. vs. plaintiff, for a breach of the
revenue laws of the U. S. imposing the excise, which excise the
defendant had engaged with plaintiff to pay out of his own proper
funds, and which, as employer of the stills, by right and duty and in
good conscience, as well as by contract, he was bound to pay the
U. States: that the information was tried Nov. term, 1814, (profert
of record,) plaintiff was found guilty, and mulct in the penalty of
$100, for running and employing the stills without license, and also
double duties, amounting to $70.40, and costs $26.38, and has been by
means of the premises otherwise greatly injured, etc. Second count:
For that the defendant, 16th March, 1814, having before that time run,
&c., for two months or upwards, two certain stills of the plaintiff's, in
distilling whiskey for his own benefit, on certain conditions of agree-
ment before that time made and entered into by the said defendant and
the plaintiff, one of which conditions was, that the defendant should
pay all excise to the U. S. accruing while they were run by the
defendant; and a controversy having arisen, and suit at law having
been instituted by defendant vs. plaintiff, before John Boyd, Esq., a
justice of the peace, the plaintiff and defendant did thereupon agree to
submit, and did submit, the controversy aforesaid, and all matters and
things connected with the hire and rent of the stills, and particularly
the subject of excise on said stills, to J. L., M. M'C. and J. N. who
thereupon agreed and awarded, that the plaintiff should pay the
defendant $33.34, (which was entered of judgment by the justice vs.
plaintiff, and yet remains in full force) and that the defendant should
pay the excise to the United States " which had accrued," according to
the contract made between the plaintiff and defendant as aforesaid.
Yet the defendant did not pay the excise according to the award of the
arbitrators, but on the contrary thereof informed against the said

BELMONT.  plaintiff as the owner of the stills, and caused and procured
May, 1816.  a prosecution to be instituted vs. the plaintiff, in the court
Thompson  of common pleas of Belmont county, (as by the records,
*v.*
Williams.  &c.) for a breach of the revenue laws of the United States,
in running, &c. the stills without license, whereby the plaintiff was
mulct in the other penalty of $100, and double duties during the
time the stills were so run by defendant without license, amounting
to $70.40, and costs amounting to $26.38, and has been and is by means
of the premises otherwise greatly injured, &c., to his damage $300.
Plea, not guilty.  Verdict, guilty—damages $100.

Motion in arrest:

1st. Because the declaration of the plaintiff is insufficient in law,
in this, that it cannot be determined whether the same is founded
upon a contract or upon a tort.

2d. Because if the 1st count of the declaration is founded upon
contract, no mutual promises, or other consideration good and valid
in law, is set forth, upon which the legal obligation of said contract
can be determined by this court; and if the first count of the declara-
tion is founded upon tort, no wrong or injury is set forth upon which
the plaintiff is entitled to recover damages of the defendant.

3d. Because if the 2d count of the declaration is founded upon
the award, no good and valid award is set forth, nor no mutual promises
to submit to and abide by any award ; no consideration is stated which
could bind the parties to the performance of the award, and perform-
ance or an offer to perform on the part of the plaintiff, is not averred ;
and if the said 2d count of the declaraiion is founded upon tort, no
wrong or injury is set forth for which the plaintiff is entitled to
recover damages of the defendant.

GOODENOW, for plaintiff.

HAMMOND, for defendant.

PRESIDENT.—The first question in this case is, what is the form of
the action ?  The language of pleading is to have a reasonable intend-
ment and construction, and where a matter is capable of different
meanings, that shall be taken which will support the declaration, &c.,
and not the other which would defeat it.  1st Chitty, 241.  Were this
declaration to be considered as in form *ex contractu*, it cannot be sup-
ported : 1st.  As to the first count : It is by the law of the U. States
made the duty of the owner of stills to enter them ; he is liable to a
penalty for not doing it.  The defendant contracted to pay the excise

or duty which had been or might be laid or assessed by the U. States, and "to hold and keep the plaintiff harmless and indemnified therefrom;" he was not bound by his contract to enter the stills for the plaintiff, but only to pay the duty or excise after the stills should be entered.   Before the plaintiff could entitle himself to the benefit of this contract, he must perform the implied condition precedent, be entering the stills according to law, and to put it in the defendant's power to pay the excise.   Nothing of this is averred in the declaration.

The law does not create a promise in any case in pleading, nor does it imply one except in case of legal liability.   It is not stated in this count, that the defendant *super se assumpsit* or words to that effect.

There is no breach of this contract alleged; it is stated that the defendant "did not enter said stills or pay the excise."  Wherever the contract is in the disjunctive the breach must be assigned, that the defendant did not do the one act or the other ; the contract here, is to pay or save harmless; and for .ought appears, defendant may have saved the plaintiff harmless from the duty, although he neither paid the excise or entered the stills.

There is no averment of the amount of the excise which the defendant was to pay, nor to whom it was payable, nor that the plaintiff was compelled to pay it, or did pay it, for defendant.   For these reasons, I cannot take the first count to be in form *ex contractu*.

2d.  As to the second count: An award is set forth, but not in a form to maintain assumpsit on it ; an award to pay to the United States "the excise on two stills for two months or upwards," or what "had accrued" on the contract stated is not very certain.   This award is not performed on the part of the plaintiff; confessing a judgment is not paying the amount awarded ; in stating the breach, the plaintiff does not aver how much the defendant was to pay, or that he had been obliged to pay any sum for him, or in any way entitle himself to maintain an action of assumpsit for money awarded to be paid to the U. States.   In an action in form *ex delicto*, "it is not necessary to prove the whole case, for though the plaintiff fail in many of the particulars, yet if he prove so much of it as leaves him a good cause of action, he shall recover."  1st Chit. 373.   Whereas in actions in form *ex contrcatu*, the contract must be formally stated in the declaration and fully proven.   I conclude, therefore, that this count cannot be considered as in form *ex contractu*.

The next question will be : has the plaintiff set forth and alleged

any wrong done or permitted by the defendant, for which, by law, he can recover damages of him. The first count states, that the defendant informed against the plaintiff as the owner of the stills, and caused and procured an information, &c.; and that the plaintiff, in consequence thereof, was mulct. The 2d count is substantially like the first, in stating the wrong done by the defendant. This might be a very knavish act in the defendant, and I have no doubt it was; yet it seems very clear that it was no such wrong or injury to the plaintiff as to entitle him to come into a court of justice for the recovery of damages. To give information to the proper officer of any breach of the laws of the United States or of this State, to cause and procure a person to be prosecuted for such delinquency, cannot be recognized by this court as a wrongful act; a public duty cannot be made, by contract, such a private injury as to sustain an action for damages for the performance of it.

The judgment is arrested.